(No. 965—Claimant awarded $29,522.86.)

STEWART-WARNER SPEEDOMETER CORPORATION, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 26, 1927.*

FRANCHISE TAX—*when award may be made.* This case is controlled by the decision of the court in cases of *Booth Fisheries* v. *State* and *Altorfer* v. *State.*

PAUL O'DONNELL, for claimant.

OSCAR E. CARLSTROM, Attorney General; DAVID J. KADYK, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

In this case there is involved the claim for a refund of excess annual taxes paid and also a claim for refund of excess additional initial fees paid. The facts showing that these payments were made under duress and compulsion are the same as those in the Altorfer case, and our conclusion as to the law on this point is the same as in the Altorfer case. It appears that the claimant had paid the sum of $32,067.14 in excess of the amount due it under the law as annual taxes in the years mentioned. There was, however, the defense of the Statute of Limitations, the same as set forth and discussed in our decision in the Booth Fisheries case, and, in the case of this claimant, the amount so paid was $11,159.78. We reach the same conclusion in this item as was reached in the Booth Fisheries case in the item there. This sum having been paid more than five years before the suit was filed and this claim

being based upon the question of the construction of the statute which the court could have passed upon at any time, we have decided that the court will not allow this item of the claim. The remaining items on the annual tax are allowed. These aggregate $21,908.36. There is an additional claim in this case for excess initial fees paid by this corporation, amounting to $7,614.50. The question of law involved as to this item is the same as the similar question involved in the Altorfer case, and our conclusion is, as we announced there, that the State should, in equity and good conscience, refund this excess initial fee so paid. The court, therefore, finds that this claimant is entitled to an award of the aggregate of said two sums, amounting to $29,522.86. This court is of the opinion that the State of Illinois, in equity and good conscience, should repay said sum and said sum is hereby awarded.